# Exhibit B



# SOCIAL SECURITY

Refer to:
S9H: 2025-FOIA-00956

February 13, 2025

Ms. Sophie Feng
Mr. Nathan Freed Wessler
American Civil Liberties Union (ACLU)
125 Broad Street, 18th Floor
New York, NY  10004
sfeng@aclu.org

Dear Ms. Feng and Mr. Wessler:

I am responding to your requests for expedited processing and a fee waiver concerning your February 7, 2025 Freedom of Information Act (FOIA) request to the Social Security Administration (SSA), wherein you request the following records for the period beginning at noon Eastern Standard Time on January 20, 2025:

1. Any request by persons affiliated with or representing the Department of Government Efficiency (DOGE), also known as the United States DOGE Service (USDS) for access to any data repository, database, system of records, computer matching program, code base, or other system containing personally identifiable information (PII), personnel records (including records of federal employees, contractors, and applicants), financial data, health data, or other sensitive data, and any response to such request;
2. Any decision, analysis or discussion about whether access to any data repository, database, system of records, computer matching program, code base, or other system containing personally identifiable information (PII), personnel records, financial data, health data, or other sensitive data by persons affiliated with or representing DOGE or USDS is prohibited or constrained by statute, regulation, or rule. This includes but is not limited to any discussion of protections provided by the Privacy Act; the Health Information Portability and Accountability Act (HIPAA) and the HIPAA Privacy Rule; the E-Government Act of 2002, including the Federal Information Security Management Act and the Confidential Information Protection and Statistical Efficiency Act; taxpayer privacy laws including 26 U.S.C § 6103; the Family Educational Rights and Privacy Act (FERPA); and census record privacy laws including 13 U.S.C. §§ 9 & 214; and
3. Any proposed or actual use of artificial intelligence, including but not limited to services, models, or other software applications provided by xAI or Grok, by or at the direction or request of persons affiliated with or representing DOGE or USDS to analyze agency records or data.

You further state:

Page 2 – Ms. Feng and Mr. Wessler

For purposes of this request, "persons affiliated with or representing DOGE or USDS" includes, but is not limited to, (1) any individual employed by or volunteering with DOGE or USDS, including as a Special Government Employee; (2) any Special Government Employee who began work with a federal agency on or after January 20, 2025; (3) any employee hired by a federal agency since Jan. 20, 2025 who previously worked at Tesla, Inc.; X Corp.; Space Exploration Technologies Corporation (SpaceX); The Boring Company (TBC); or X.AI Corp.; or (4) the following named individuals, who have been publicly reported as being affiliated with or representing DOGE or USDS:

- Anthony Armstrong
- Riccardo Biasini
- Brian Bjelde
- Akash Bobba
- Edward Coristine
- Steve Davis
- Marko Elez
- Luke Farritor
- Nicole Hollander
- Gavin Kilger
- Gautier "Cole" Killian
- Michael Kratsios
- Tom Krause
- Matt Luby
- Nikhil Rajpal
- Rachel Riley
- Michael Russo
- Amanda Scales
- Ethan Shaotran
- Thomas Shedd
- Brad Smith
- Joanna Wischer

We provide expedited processing in three instances only:

- when there is an imminent threat to the life or safety of a person;
- when the requester is primarily engaged in disseminating information, and shows an urgency to inform the public about actual or alleged government activities; or
- When the requester can show, in detail and to our satisfaction, that a prompt response is needed because the requester may be denied a legal right, benefit, or remedy without the requested information, and that it cannot be obtained elsewhere in a reasonable amount of time.

We are denying your request for expedited processing since it does not fall into any of these categories. We will process your request normally.

I reviewed your request for a fee waiver and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.85 if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.85(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

Page 3 – Ms. Feng and Mr. Wessler

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.80), *regardless* of the fee provisions in FOIA. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.80).

We will send further correspondence when we determine what fees, if any, apply to your request.

Please note that this response is limited to the determination on your fee waiver and expedited processing requests; our office is still assessing your request as phrased and will provide subsequent correspondence on that determination.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 833-795-0132.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of the Social Security Administration that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Page 4 – Ms. Feng and Mr. Wessler

Thank you for your requests.

                                            Sincerely,

                                            *Michelle L. Christ*

                                            Michelle L. Christ
                                            Freedom of Information Officer