UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES SOCIAL SECURITY ADMINISTRATION, et al., <br><br> Defendants. | Civil Action No. 25-1217 (CRC) |

## ANSWER

Defendants, the Social Security Administration (the "Administration") and the Department of Veterans Affairs (the "Department"), by and through undersigned counsel, respectfully submit this Answer to the Complaint (ECF No. 1) filed by Plaintiff American Civil Liberties Union ("Plaintiff") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied.

To the extent the Complaint refers to or quotes from external documents, statutes or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this or any other action. Defendants expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

1. This paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring a cause of action under FOIA.

2–6. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

7. Defendants admit that they received a FOIA request from Plaintiff on or about February 7, 2025. The remainder of this paragraph consists of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendants aver that the request is the best evidence of its contents and respectfully refer the Court to that request for a complete and accurate statement of its contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent therewith.

8. Defendants admit that Plaintiff requested expedited processing of its FOIA request and a waiver of fees. The remainder of this paragraph consists of Plaintiff's characterization of its request, to which no response is required. To the extent a response is deemed required, Defendants aver that the request is the best evidence of its contents and respectfully refer the Court to that request for a complete and accurate statement of its contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent therewith.

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. The Administration admits that it denied Plaintiff's request for expedited processing and a fee waiver on or about February 13, 2025, that it received a timely appeal of these decisions, and that while an acknowledgement of the appeal was sent, the Administration had not issued a substantive response to the appeal prior to the filing of this action. Defendants further admit that the Administration has not yet released any records responsive to the request.

11. The Department admits that although at the time the complaint was filed, the Department had conducted multiple searches for responsive records and had started to draft a first interim response, it had not yet responded to Plaintiff's request for records and had not responded to the request for expedited processing.

12. This paragraph consists of a request for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**JURISDICTION AND VENUE**[1]

13. This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendants admit that the Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

14. This paragraph consists of legal conclusions regarding venue, to which no response is required. To the extent that a response is deemed required, Defendants admit that the Court has venue over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

---

[1] Merely for ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that no response is required to such headings (*see* Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

## PARTIES

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16. Defendants admit that the Administration is a federal agency in the Executive Branch of the United States Government within the meaning of 5 U.S.C. § 552(f)(1). The remaining allegations in this paragraph consist of conclusions of law, to which no response is required.

17. Defendants admit that the Department is an agency as defined by the FOIA. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required.

## FACTS

**I.   Concerns About USDS Access to Sensitive Data in Defendants' Custody and Control**

18–21. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**II.   Statutory Framework**

22–28. These paragraphs consist of Plaintiff's characterization of a statute, to which no response is required. To the extent a response is deemed required, Defendants aver that the statute is the best evidence of its contents and respectfully refer the Court to that statute for a complete and accurate statement of its contents. Defendants deny all allegations in these paragraphs to the extent they are inconsistent therewith.

### III.     ACLU's FOIA Requests

29-34.     Defendants admit that they received a FOIA request from Plaintiff on or about February 7, 2025 and that the request contained a request for expedited processing and a waiver of fees.  The remainder of these paragraphs consists of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendants aver that the request is the best evidence of its contents and respectfully refer the Court to that request for a complete and accurate statement of its contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent therewith.

### IV.     Defendant SSA's Responses

35.     Defendants admit that the Administration denied Plaintiff's requests for expedited processing and a fee waiver on or about February 13, 2025.

36.     Defendants admit that the Administration denied Plaintiff's request for expedited processing on or about February 13, 2025. The remainder of this paragraph consists of Plaintiff's characterization of the Administration's response letter, to which no response is required. To the extent a response is deemed required, the Administration avers that the response letter is the best evidence of its contents and respectfully refers this Court to that letter for a complete and accurate statement of its contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent therewith.

35–38.     Defendants admit that Defendant the Administration denied Plaintiff's request for a fee waiver on or about February 13, 2025. The remainder of these paragraphs consist of Plaintiff's characterization of the Administration's denial, to which no response is required. To the extent a response is deemed required, Defendants aver that the response letter is the best evidence of its contents and respectfully refer the Court to that letter for a complete and accurate statement

of its contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent therewith.

39. The Administration admits that the ACLU appealed the denials of expedited processing and the fee waiver.

40–42. These paragraphs consist of Plaintiff's characterization of Plaintiff's appeal letter, to which no response is required. To the extent a response is deemed required, Defendants aver that the appeal letter is the best evidence of its contents and respectfully refer the Court to that letter for a complete and accurate statement of its contents. Defendants deny all allegations in these paragraphs to the extent they are inconsistent therewith. These paragraphs also contain legal argument and conclusions of law, to which no response is required.

43. Defendants admit that the Administration acknowledged receipt of the appeal. The remainder of this paragraph consists of Plaintiff's description of the content of an e-mail, to which no response is required. To the extent a response is required, Defendants refer the Court to the message for a complete and accurate statement of its contents and otherwise deny any allegations inconsistent therewith.

44–45. Defendants admit that the SSA acknowledged receipt of the appeal. The remainder of these paragraphs consists of Plaintiff's description of the content of an e-mail, to which no response is required. To the extent a response is required, Defendants refer the Court to the message for a complete and accurate statement of its contents and otherwise deny any allegations inconsistent therewith.

46. This paragraph consists of Plaintiff's description of the content of an email, to which no response is required. To the extent a response is required, Defendants refer the Court to

the message for a complete and accurate statement of its contents and otherwise deny any allegations inconsistent therewith.

47.    Defendants admit the allegations in this paragraph.

48–49. These paragraphs consist of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff has exhausted administrative remedies and deny the remainder of the allegations.

## V.    Defendant's VA's Response

50.    Defendants admit that the Department acknowledged receipt of Plaintiff's request on February 10, 2025. The remainder of this paragraph consists of Plaintiff's characterization of the acknowledgment, to which no response is required.

51.    Defendants admit that, from February 10, 2025, to the filing of the complaint, the Department did not send communications about the request to Plaintiff.

52.    This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff has exhausted administrative remedies.

## CLAIMS FOR RELIEF

53–59. These paragraphs consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit that the Department is barred from charging search or duplication fees and deny the remainder of these paragraphs.

## REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**DEFENSES**

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses in this answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

**FIRST DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

**THIRD DEFENSE**

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

**FOURTH DEFENSE**

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

**FIFTH DEFENSE**

Defendants have not improperly withheld records requested by Plaintiff under FOIA.

**SIXTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' responses to the FOIA requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court

should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

### SEVENTH DEFENSE

Defendants reserve the right to assert additional defenses in the event any additional defenses would be appropriate because Defendants have insufficient knowledge or information on which to form a belief as to whether they have any additional, as yet unstated, defenses available.

Dated: June 19, 2025
      Washington, DC

                        Respectfully submitted,

                        JEANINE FERRIS PERRO
                        United States Attorney

                        By:       */s/ Brian J. Levy*
                              BRIAN J. LEVY
                              Assistant United States Attorney
                              601 D Street, NW
                              Washington, DC 20530
                              Telephone: (202) 252-6734

                        *Attorneys for the United States of America*