UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION,<br><br>　　　　　　　　　　　　*Plaintiff*,<br><br>　　　　v.<br><br>UNITED STATES SOCIAL SECURITY ADMINISTRATION and UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>　　　　　　　　　　　　*Defendants*. | Case No. 1:25-cv-01217 |

**PLAINTIFF'S STATUS REPORT**

Pursuant to the Court's minute order of May 29, 2025, Plaintiff American Civil Liberties Union ("ACLU"), by and through counsel, respectfully files this status report.

Plaintiff has reviewed Defendants' status report filed on June 19, 2025. *See* ECF No. 23. As to Defendant Social Security Administration ("SSA"), Plaintiff, a non-profit organization, would not be able to pay estimated processing fees "in excess of $200,000." *Id.* at 1. Counsel for Plaintiff will confer with counsel for Defendants about possible options for narrowing the scope of the request or prioritizing certain records for initial processing and release. *See id.* at 2 ("Plaintiff will have the opportunity to narrow the request before processing.").

At the same time, it is Plaintiff's position that SSA is precluded from assessing fees in this matter. The provision of the Social Security Act addressing SSA's entitlement to charge fees for the cost of responding to a request for information, 42 U.S.C. § 1306(c), was enacted in 1981. Pub. L. No. 97-35, § 2207, 95 Stat. 357 (1981). Much more recently, in 2007 Congress enacted the Open Government Act of 2007, which prohibits an agency from assessing fees "if the agency has failed to comply with any time limit under paragraph (6)" of the Freedom of Information Act

1

("FOIA"). Open Government Act of 2007, Pub. L. No. 110-175, § 6 121 Stat. 2524, codified as amended at 5 U.S.C. § 552(a)(4)(A)(viii)(I). As explained in *Shapiro v. U.S. Social Security Administration*, 525 F. Supp. 3d 528, 541 (D. Vt. 2021), "the two statutes can be harmonized by interpreting the 2007 Amendment as prohibiting the charging of fees when an agency fails to timely respond to a FOIA request." Thus, in cases where the SSA has "fail[ed] to comply with FOIA time requirements," the agency is precluded from charging fees. *Id.* at 542. "Any other interpretation would render the 2007 Amendment a nullity and frustrate its legislative purpose," which is to incentivize agencies to abide by FOIA's statutory time limits. *Id.* at 541–42.

Paragraph 6 of FOIA (*i.e.*, 5 U.S.C. § 552(a)(6)) requires agencies to respond to FOIA requests within 20 working days. 5 U.S.C. § 552(a)(6)(A)(i). It also requires agencies to respond to administrative appeals within 20 days, *id.* § 552(a)(6)(A)(ii), and to respond to administrative appeals of denials of expedited processing with "expeditious consideration," *id.* § 552(a)(6)(E)(ii)(II). Defendant SSA violated FOIA's time limits by failing to respond to Plaintiff's FOIA request for two and a half months (as of the filing of this suit), and by failing to respond to Plaintiff's expedited processing appeal expeditiously. *See* Compl. ¶¶ 7, 39, 47, ECF No. 6-1. Therefore, SSA is precluded from assessing fees.In light of SSA's provision of an initial estimate of volume of responsive records and the intervening legal dispute regarding fees, Plaintiff will file separately to withdraw its motion for a preliminary injunction, to allow resolution of the fee issue and for further progress to be made toward orderly processing of Plaintiff's FOIA request. Plaintiff reserves the right to refile a motion for preliminary injunction seeking expedited processing should progress in this matter stall.

As to Defendant Department of Veterans Affairs ("VA"), Plaintiff appreciates the agency's continued production of responsive records. Counsel for Plaintiff will confer with

counsel for Defendants in an attempt to negotiate a mutually acceptable schedule for continued processing and production of records, and will update the Court regarding any need for the Court's intervention in the next status report.

    Plaintiff agrees with Defendants' request that the parties file a joint status report on July 25, 2025.

Dated: June 26, 2025

Respectfully submitted,

/s/ Lauren Yu

Lauren Yu*
Nathan Freed Wessler*
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
lyu@aclu.org
nwessler@aclu.org

Megan C. Keenan (DC Bar No. 1672508)
Michelle Fraling (DC Bar No. 90017463)
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
915 15th Street NW, 6th Floor
Washington, DC 20005
(917) 710-3245
mkeenan@aclu.org
michelle.fraling@aclu.org

Evelyn Danforth-Scott*
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
edanforth-scott@aclu.org

*Counsel for Plaintiff*

* Admitted *pro hac vice*